RECEIVED
IN LAKE CHARLES, LA
DEC 1 2 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:07 CR 20055-0 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| TERRANCE A. THIERRY | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to ¶29 of the PSR. ¶29 increases the base offense level by 6 levels, classifying Thierry as an armed career criminal. This classification is predicated on 3 previous convictions for drug offenses. Thierry pleaded guilty to three offenses on November 29, 1999, but these three crimes were committed on different dates.

The Guidelines provide that, in assessing a defendant's criminal history points, "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of §§ 4A1.1(a), (b), and (c)." U.S.S.G. § 4A1.2(a)(2). The commentary to § 4A1.2(a)(2) defines "related cases" as follows:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan or (3) were consolidated for trial or sentencing.

*Id.*, cmt. n. 3; *United States v. Howard*, 262 Fed.App'x. 571, 575, 2008 WL 118077, 3 (5th Cir. 2008).

Thierry's arrests during the time period in question are as follows:

1) Possession of CDS with Intent to Distribute on February 18, 1995;

2) Possession of Marijuana on December 16, 1996;

3) Battery on a Police Officer on March 23, 1997;

4) Theft of Goods on April 22, 1997;

5) Simple Battery on May 25, 1997;

6) Distribution of Cocaine on June 26, 1997;

7) Possession of a Firearm in a Bar on July 26, 1997;

8) Possession of CDS II with Intent to Distribute on March 30, 1998.

The evidence clearly establishes that the offenses included in ¶¶ 33, 39 and 42 were separated by intervening arrests and therefore are not related offenses for purposes of §§ 4A1.1(a), (b), and (c).

The relevant definition for a "serious drug offense" is defined as,

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added); *see also United States v. Hinojosa*, 349 F.3d 200, 204 (5th Cir.2003). Possession of CDS with Intent to Distribute, Distribution of Cocaine, and Possession of CDS II with Intent to Distribute are serious drug offenses as defined by 18 U.S.C. §

2

924(e)(2)(A)(ii). Accordingly, the 6 level enhancement was properly applied.

The defendant asserts that he does not have 3 convictions of serious drug offenses as contemplated by Congress when §924(e)(1) was enacted, but he provides no further law or argument to support this position.

Based upon the prior two objections, the defendant objects to the base offense level of 31 assigned in ¶94 of the PSR.

For the reasons set forth herein, the defendant's objections are overruled.

Lake Charles, Louisiana, this 11 day of December, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE