RECEIVED
IN LAKE CHARLES, LA.
JUN - 1 2011
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:07 CR 20055-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| TERRENCE A. THIERRY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Rec. Doc. 67) filed by the defendant, Terrence A. Thierry ("Thierry"). The Government filed a Response (Rec. Doc. 71) and Thierry filed a Reply (Rec. Doc. 72).

PROCEDURAL HISTORY[1]

On May 11, 2007, Thierry was charged in a Bill of Indictment with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1) and one count of forfeiture pursuant to 18 U.S.C. § 924(d)(1). (Rec. Doc. 1).

On May 29, 2008, Thierry pleaded guilty to Count 1 of the indictment, which charged him with possession of a firearm as a convicted felon. (Rec. Docs. 36-37).

On July 10, 2008, a Pre-Sentence Investigation Report (PSR) was issued, which calculated the defendant's advisory range utilizing the November 1, 2007 version of the guidelines. (PSR at ¶ 20). The PSR recommended an adjusted offense level of 34 pursuant to §§ 4B1.4(a) and 4B1.4(b)(3)(A) based on a finding that he was subject to the enhancement provided in 18 U.S.C. §

---

[1] As summarized by the Government.

924(e) for "armed career criminals," and that he had possessed the firearm in connection with a felony offense, namely attempted second degree murder. (PSR at ¶ 29). Subtracting three levels for Thierry's timely acceptance of responsibility resulted in a total offense level of 31. (PSR at ¶ 30).

With regard to his criminal history score, Thierry's prior criminal record included seventeen felony, misdemeanor, and petty offense convictions for which he was assessed a total of eighteen criminal history points. (PSR at ¶¶ 33-50). To this value, an additional two points were added pursuant to § 4A1.1(d) because Thierry committed the instant offense while on probation for another offense, resulting in a total of 20 criminal history points and a Criminal History Category VI. (PSR at ¶¶ 51, 52).

Thierry's total offense level of 31 and his Criminal History Category of VI correlated to a recommended guidelines range of 188-235 months imprisonment. (PSR at ¶ 94). As an "armed career criminal," Thierry was subject to the mandatory minimum sentence of 15 years imprisonment provided in 18 U.S.C. § 924(e)(1). (PSR at ¶ 93). The defendant filed essentially one objection to the PSR, asserting that he was not subject to the "armed career criminal" provisions because he was sentenced on the same date for two of his three prior drug convictions, and thus they should not be separately counted. (Addendum to PSR at pp. 1-2 (under seal)). The United States filed no objections to the PSR. In an Addendum issued on August 12, 2008, the probation officer recommended that Thierry's objection be overruled. (Addendum to PSR at pp. 1-2).

On December 12, 2008, the Court conducted a sentencing hearing. (Rec. Doc. 42). In connection with the hearing, the Court issued a Memorandum Ruling in which it overruled the defendant's objections to the PSR with regard to the applicability of the § 924(e) enhancement. (Rec. Doc. 43 ). The Court sentenced Thierry to 180 months (15 years) imprisonment, the statutory

minimum, which was below the advisory range. (Rec. Doc. 42 ).

On December 31, 2008, the defendant filed a pro-se motion asking for a hearing because his sentence was excessive. The Court denied that motion since the appeal was pending. (Rec. Docs. 50, 52).

On October 5, 2009, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction and sentence. (Rec. Doc. 59). On January 14, 2010, the defendant filed a pro-se motion for reconsideration which this Court denied. (Rec. Docs. 63-64).

On January 19, 2011, the defendant filed a motion requesting an extension of time to file a motion to vacate, set aside or correct sentence. He asserted that the prison staff had accidentally taken his legal material. On January 20, 2011, the Court denied the motion on the grounds that timeliness would be decided once the motion was actually filed.( Rec. Docs. 63, 64)

On February 16, 2011, the defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. 2255. The envelope in which the motion was mailed indicates that the document was given to the prison authorities for mailing on February 14, 2011. (Rec. Doc. 62).

Facts

The facts pertinent to this case were described at length in the PSR. The defendant who was a convicted felon possessed a gun during an altercation with his family. (PSR at ¶¶ 9-15).

LAW

The statute governing § 2255 motions establishes a one-year period of limitations for the filing of such motions. 28 U.S.C. § 2255(f). In Thierry's case, that period began to run when the time for filing a petition for certiorari expired. *Clay v. United States*, 537 U.S. 522, 525 (2003). The Fifth Circuit entered a judgment affirming the defendant's conviction and sentence on October 5, 2009

3

(rec. Doc. 59). Therefore, his conviction became final on January 2, 2010. His §2255 motion, then, should have been filed no later than January 5, 2011.

*Pro se* prisoners' filings are governed by the mailbox rule. Thus, they are deemed "filed as soon as the pleadings have been deposited into the prison mail system." *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir.1998) (citing *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) and *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995)). Thierry placed his motion in the prison mail on February 14, 2011. (Rec. Doc. 67, p. 10). The motion was filed February 16, 2011. (Rec. Doc. 67).

Thierry asserts that his legal papers were inadvertently placed with another inmate's belongings and were therefore inaccessible to him for a period of time. He submits documents indicating that when his cell mate was placed in the Special Housing Unit on December 22, 2010, prison staff accidentally placed the defendant's legal work with the property of his cell mate. The legal work was transferred with the other inmate to the Special Housing Unit.

On December 27, 2010, the defendant inquired about his material. On January 17, 2010, the cell mate was released from the Special Housing Unit. The documents which Thierry attaches to his Section 2255 motion indicate that he received the legal work on January 17 or January 19 of 2011. (Rec. Doc. 67-1, pp. 5-7).[2] The issue becomes whether or not, based upon these facts, Thierry is entitled to equitable tolling since he clearly filed his motion beyond the required one-year period.

---

[2] In a motion received by the clerk's office on January 19, 2011 in which the defendant requested an extension of time to file the Section 2255 motion, the defendant asserted that he had not been able to retrieve his legal papers. (The date stamped on the envelope by the postal service is not legible. Furthermore, there is no stamp on the envelope demonstrating when the defendant gave the letter to the prison authorities for mailing). (Rec. Doc. 65). Nevertheless, it appears that he received his paperwork at the latest on January 19, 2011.

4

"The one-year limitations period of [§ 2255(f)] is a statute of limitations that is not jurisdictional and is therefore subject to equitable tolling." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). "Equitable tolling is permissible only in 'rare and exceptional circumstances.'" *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *United States v. Kirkham*, 367 Fed.App'x. 539, 541, 2010 WL 667439, 1 (5th Cir. 2010); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

The government maintains that the inadvertent misplacement by the prison staff of the defendant's legal work is not sufficient to toll the running of the statute of limitations. The government argues that only the *intentional* confiscation of a defendant's legal papers by a corrections officer shortly before the deadline for filing a federal habeas petition may justify equitable tolling of the limitations period. This was not an intentional act, therefore the government argues that equitable tolling does not apply. See *Valverde v. Stinson*, 224 F.3d 129, 133 (2nd Cir. 2000) ("[i]ntentional [permanent] confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law."); see also *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002) (case remanded for determination if equitable tolling permitted where petitioner was denied access to his criminal files for 82 days while he was transferred from prison facilities as a witness in an unrelated civil case although he was permitted access to legal material in civil case and criminal files were returned to him only shortly before deadline expired);

5

*Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (equitable tolling applied to petitioner who was refused access to his legal files despite his requests for eleven months and, after the files were returned, defendant had only around one month to prepare a petition before the one year deadline expired).

In reviewing the facts of this case, the court finds that, even if Thierry did not have all the necessary materials or experienced a delay in obtaining them, these are not extraordinary circumstances warranting equitable tolling. *See Davis v. McCoy*, 2000 WL 973752, * 2 (prisoner's lack of access to necessary court papers for two years did not constitute an extraordinary circumstance); *Fadayiro v. United States*, 30 F.Supp.2d 772, 779 (D.N.J.1998) (fact that petitioner had been unable to obtain transcripts and other records needed for his 2255 petition did not rise to the level of extraordinary circumstances justifying equitable tolling). Moreover, even if the delays in receiving whatever documents he believed necessary could be considered extraordinary, Thierry has not shown that he made any effort to file his petition without them, or filed his petition promptly after he obtained them. In short, Thierry has failed to demonstrate that he was reasonably diligent in attempting to file his petition despite the purported delays in obtaining the materials. Accordingly, the defendant's §2255 motion will be dismissed as untimely.

Lake Charles, Louisiana, this 12 day of May, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE